UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

SHARON LEBLANC PATIN   CIVIL ACTION NO. 6:19-cv-00883

VERSUS       JUDGE JUNEAU

ANDREW SAUL, COMMISSIONER MAGISTRATE JUDGE HANNA
OF THE SOCIAL SECURITY
ADMINISTRATION

**<u>RULING ON MOTION FOR ATTORNEYS' FEES AND COSTS</u>**

Currently pending is the motion for attorneys' fees and costs, which was filed by the appellant, Sharon LeBlanc Patin, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Rec. Doc. 14). Ms. Patin seeks to recover the sum of $6,020.31 (representing 27.25 hours of attorney time at the rate of $206.25 per hour plus costs of $400.00). The Commissioner of the Social Security Administration opposed the motion in part. (Rec. Doc. 16). Considering the relevant law and the arguments of the parties and for the reasons set forth below, this Court finds that Ms. Patin's motion should be granted in part and denied in part.

**<u>Background Information</u>**

Ms. Patin applied for disability insurance benefits under the Social Security Act, and her application was denied. Following a hearing held in April 2018, Administrative Law Judge Michael Hertzig issued a ruling in August 2018 finding that Ms. Patin was not disabled. Ms. Patin appealed. This Court determined that the

ALJ erred in evaluating Ms. Patin's residual function capacity, in determining whether she could perform her past relevant work, and in determining whether she was disabled, resulting in a decision that was not supported by substantial evidence.[1] On April 5, 2020, the district court adopted this Court's report and recommendation and issued a judgment[2] remanding this matter to the Commissioner for further administrative proceedings.  The judgment stated that the matter was remanded pursuant to the fourth sentence of 42 U.S.C. § 405(g), and a footnote in the judgment expressly explained that a "fourth sentence remand constitutes a final judgment that triggers the filing period for an EAJA fee application."[3]

## Analysis

### A.   Recovery Permitted under The EAJA.

The EAJA permits the recovery of attorneys' fees, costs, and expenses in proceedings for judicial review of an agency's action.[4]  The purpose of the statute is "to ensure that there is sufficient representation for individuals who need it while minimizing the cost of attorneys' fees awards to the taxpayers"[5] or, in other words,

---

[1]     Rec. Doc. 12.

[2]     Rec. Doc. 13.

[3]     Rec. Doc. 13 at 1, n. 1.

[4]     28 U.S.C. § 2412(a)(1); 28 U.S.C. § 2412(d)(1)(A).

[5]     *Baker v. Bowen*, 839 F.2d 1075, 1082 (5th Cir. 1988).

"to eliminate for the average person the financial disincentive to challenge unreasonable government actions."[6]   A party is entitled to recover attorneys' fees under the EAJA if his net worth is less than $2 million;[7] he is the prevailing party; he filed a timely fee application; the government's position was not substantially justified; and no special circumstances make an award unjust.[8]   An award of attorneys' fees, costs, and expenses under the EAJA must also be reasonable.[9]

In this case, the Commissioner did not argue that Ms. Patin is not entitled to recover attorneys' fees; instead, the Commissioner argued that Ms. Patin should not be permitted to recover attorneys' fees at a rate exceeding $175.00 per hour.  This Court also identified a separate problem with the reasonableness of the number of hours for which compensation is sought.  It is undisputed, however, that the five conditions for the recovery of an EAJA are satisfied in this case.

---

[6]      *Murkeldove v. Astrue*, 635 F.3d 784, 793 (5th Cir. 2011) (quoting *Richard v. Hinson*, 70 F.3d 415, 417 (5th Cir. 1995)).

[7]      28 U.S.C. § 2412(d)(2)(B).

[8]      28 U.S.C. § 2412(d)(1); *Squires-Allman v. Callahan*, 117 F.3d 918, 920 n. 1 (5th Cir. 1997); *Milton v. Shalala*, 17 F.3d 812, 813 n. 1 (5th Cir. 1994).

[9]      28 U.S.C. § 2412(b).

1.      __Ms. Patin's Net Worth.__

In support of the instant motion, Ms. Patin represented that her worth is less than $2 million.   The Commissioner did not challenge that representation. Accordingly, this Court finds that this requirement for an EAJA award is satisfied.

2.      __Ms. Patin was the Prevailing Party.__

"A party prevails by succeeding on 'any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.'"[10]   A party who obtains reversal or remand of an adverse Social Security ruling pursuant to the fourth sentence of Section 405(g) qualifies as a prevailing party for purposes of the EAJA.[11] Ms. Patin successfully appealed an adverse ruling of the Commissioner.   Therefore, there is no dispute that she is a prevailing party.

3.      __The Timeliness of the Motion.__

The EAJA requires a prevailing party to submit an application for fees, costs, and expenses "within thirty days of final judgment in the action."[12]   Judgment was rendered in this matter on April 6, 2020,[13] and Ms. Patin's motion for fees and costs

---

[10]      *Squires-Allman v. Callahan*, 117 F.3d at 920 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

[11]      *Rice v. Astrue*, 609 F.3d 831, 833 (5th Cir. 2010); *Breaux v. U.S.D.H.H.S.*, 20 F.3d 1324, 1325 (5th Cir. 1994) (both citing *Shalala v. Schaefer*, 509 U.S. 292, 301-02 (1993)).

[12]      28 U.S.C. § 2412(d)(1)(B).

[13]      Rec. Doc. 13.

was filed on May 6, 2020.[14]  Therefore, her motion was timely.  Furthermore, the Commissioner did not oppose the instant motion on the basis of timeliness.

### 4.   The Commissioner's Position was Not Substantially Justified.

"The standard for determining whether the government's position is substantially justified is whether the position is 'justified to a degree that could satisfy a reasonable person.'"[15]  The burden is on the government to prove that its position was substantially justified.[16]  In this case, the Commissioner made no such argument.  Accordingly, this Court finds that the Commissioner failed to establish that its position in this litigation was substantially justified.

### 5.   There are No Special Circumstances.

The EAJA disqualifies an applicant from an award of attorneys' fees if there are special circumstances that would make an award unjust.[17]  It is the government's burden to prove that special circumstances exist.[18]  The Commissioner did not object to Ms. Patin's motion for attorneys' fees and costs on this basis; more important, the Commissioner did not articulate any special circumstances that would make an

---

[14]    Rec. Doc. 14.

[15]    *Hernandez v. Barnhart*, 202 Fed. App'x 681, 682 (5th Cir. 2006) (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).

[16]    *Baker v. Bowen*, 839 F.2d at 1080.

[17]    28 U.S.C. § 2412(d)(1)(A).

[18]    *Baker v. Bowen*, 839 F.2d at 1080.

award of fees or costs unjust in this case.  This Court therefore finds that no special circumstances exist that preclude the award sought by Ms. Patin.

**B.**     **The Reasonableness Of the Claimed Attorneys' Fees.**

Having found that the necessary predicates for an award of attorneys' fees under the EAJA have been satisfied, this Court must determine whether the amount sought to be recovered is reasonable.  The EAJA permits the recovery of reasonable attorneys' fees based on prevailing market rates.[19]  As the fee applicant, Ms. Patin bears the burden of demonstrating the reasonableness of the number of hours expended on the claim.[20]  As a general rule, "in determining the amount of attorneys' fees, the district court enjoys discretion."[21]  Therefore, this Court must determine whether the hours claimed by Ms. Patin's attorney are reasonable and whether his hourly billing rate is consistent with the prevailing market rates.

Ms. Patin argued in her briefing that she is entitled to recover the sum of $5,001.56 for 24.25 hours worked by her attorney on her appeal a the rate of $206.25 per hour, plus an additional $618.75 for three hours worked by her attorney at the rate of $206.25 per hour in preparing her EAJA petition, for a total attorneys' fees

---

[19]     28 U.S.C. § 2412(d)(2)(A).

[20]     *Von Clark v. Butler*, 916 F.2d 255, 259 (5th Cir. 1990).

[21]     *Perales v. Casillas*, 950 F.2d 1066, 1074 (5th Cir. 1992).

award of $5,620.31.   There are two issues regarding the reasonableness of this request.

First, this Court finds that Ms. Patin failed to sufficiently document the time spent by her attorney in preparing the EAJA fee petition.   The attorneys' fees incurred in litigating a fee application are compensable under the EAJA.[22]  But the fee applicant bears the burden of documenting the appropriate number of hours expended, and when the documentation is inadequate, the court has discretion to reduce the award accordingly.[23]  The party seeking to recover attorneys' fees can meet its burden of establishing the appropriate number of attorney hours expended only by presenting evidence that is adequate for the court to determine what hours should be included in the reimbursement.[24]  Contemporaneous time records are usually submitted to the court for that purpose.[25]

In this case, however, the affidavit of Ms. Patin's counsel, which includes an itemization of time spent on the file, does not include any time for the preparation

[22]    *Sandoval v. Apfel*, 86 F. Supp. 2d 601, 616 (N.D. Tex. 2000) (citing *Powell v. Commissioner*, 891 F.2d 1167, 1170-71 (5th Cir. 1990)).

[23]    *Abrams v. Baylor College of Medicine*, 805 F.2d 528, 535-36 (5th Cir. 1986) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 434-35 (1983)).

[24]    *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995) (citing *Bode v. United States*, 919 F.2d 1044, 1047 (5th Cir. 1990)).

[25]    *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d at 324; *Bode v. United States*, 919 F.2d at 1047.

of the EAJA petition. While Ms. Patin's brief states that three hours were expended in the preparation of the fee petition, no detail was provided – no dates on which the work was done, no verification that the time was expended by an attorney rather than a paralegal or other staff member, no identification of the attorney who presumably did the work, and no detail as to what work was actually performed. "Where the documentation of hours is inadequate, the district court may reduce the award accordingly."[26] In a similar case, when the fee applicant sought to recover for a certain number of hours of work but the billing records he submitted showed fewer hours of work, the court found the evidence was insufficient to support the claim and reduced the number of hours.[27] The same result is mandated in this case. Ms. Patin provided no documentation of the work allegedly performed by her legal counsel in the preparation of the fee application. Therefore, this Court has no evidentiary basis on which to award fees for any such work. The three hours allegedly attributable to work on the fee petition must be deducted from the total number of claimed hours.

However, Ms. Patin did provide an itemized billing statement showing that her attorney worked 24.25 hours on her appeal. This Court reviewed the attorney time statement and finds that the hours reflected there were spent advancing Ms.

---

[26]    *Leroy v. City of Houston*, 831 F.2d 576, 586 (5th Cir. 1987) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

[27]    *Collins v. Commissioner of Social Security*, No. 17-49-RLB, 2018 WL 2758256, at *1 (M.D. La. June 8, 2018).

Patin's appeal of the Commissioner's unfavorable ruling by drafting pleadings, reviewing the evidence, researching relevant issues, drafting and revising the brief, conferring with the claimant, and staying abreast of developments in the litigation. The work performed by Ms. Patin's counsel furthered her case, and a favorable result was obtained.  Accordingly, this Court finds that the 24.25 hours spent on this case by Ms. Patin's attorney and itemized in the supporting documentation were reasonable.  Furthermore, the Commissioner did not object to Ms. Patin being compensated for the 24.25 hours shown on the itemized statement.  Accordingly, she will be compensated for those hours.

Second, the Commissioner objected to the requested hourly rate, arguing that the amount sought to be recovered by Ms. Patin is not reasonable because the requested billing rate is too high.  Ms. Patin seeks to be compensated for her attorney's work at the rate of $206.25 per hour, as reflected on the itemized billing statement submitted along with her briefing.

Ms. Patin argued that the Consumer Price Index from December 2019 warrants an increase in the $125.00 statutory attorneys' fee cap established in March 1996, but she offered no statutory or jurisprudential support for that argument.  The EAJA allows for an adjustment in the attorney fee rate when there has been a change in the cost of living, but the EAJA "does not absolutely require" such an

adjustment.[28]  "[R]ates should be increased only to the extent necessary to ensure an adequate source of representation and should never exceed the percentage by which the market rate attorneys' fees have increased since the statute was enacted in 1981."[29]  Billing rates should also be consistent within geographic areas.[30]  Ms. Patin did not address those considerations.  Therefore, Ms. Patin did not provide evidence that a cost-of-living increase justified a higher fee or that a rate increase was necessary to ensure an adequate source of representation or to be consistent with the rates awarded in her geographic area.[31]  Accordingly, this Court is not persuaded that there is a basis for deviating from the prevailing rate of $175 per hour. Therefore, this Court finds that Ms. Patin's should be awarded attorneys' fees at the rate of $175 per hour, which is the prevailing rate in this district.[32]

---

[28]     *Baker v. Bowen*, 839 F.2d at 1084.  See, also, *Jones v. Berryhill*, No. 17-5324, 2018 WL 3708667, at *2 (E.D. La. Aug. 3, 2018).

[29]     *Baker v. Bowen*, 839 F.2d at 1084.

[30]     See *Baker v. Bowen*, 839 F.2d at 1085.

[31]     See *Darby v. Saul*, No. 1:17-CV-00032-C, 2019 WL 6791009, at *4 (N.D. Tex. Nov. 27, 2019), report and recommendation adopted, 2019 WL 6790397 (N.D. Tex. Dec. 12, 2019).

[32]     In *Montgomery v. Colvin*, No. 14-3120, 2016 WL 4705730, at *3 (W.D. La. Aug. 16, 2016), report and recommendation adopted, 2016 WL 4705573 (W.D. La. Sept. 8, 2016), the court weighed cost of living increases since 2014 against prevailing market conditions and the healthy community of social security practitioners in this area and implemented an hourly rate of $175.00 per hour for EAJA petitions for services performed in 2014 and going forward.  See, also, *Roark v. Saul*, No. 3:18-CV-0736, 2019 WL 7287168, at *4 (W.D. La. Dec. 11, 2019); *Plaisance v. Saul*, No. 6:18-cv-00033, 2019 WL 4187808, at *6 (W.D. La. Sept. 4, 2019); *Lott v. Berryhill*, No. 17-0783, 2018 WL 6920115, at *1 (W.D. La. Dec. 17, 2018), report and recommendation adopted, 2019 WL 80869 (W.D. La. Jan. 2, 2019) (adopting an hourly rate of $175 per hour for work

C.    **Ms. Patin Can Recover Costs**.

Ms. Patin seeks to recover the $400.00 that the Clerk of Court charged as the filing fee for her lawsuit.[33]   The taxation of costs under 28 U.S.C. § 1920 is authorized under the EAJA,[34] as are reasonable and necessary litigation expenses.[35] Costs include fees of the clerk of court such as the fee charged for filing suit.[36] Furthermore, the Commissioner did not object to Ms. Patin's request for recovery of the filing fee.  Therefore, to the extent that Ms. Patin's motion seeks the recovery of $400.00 in costs, the motion will be granted.

D.    **Payment of the EAJA Award**.

EAJA awards are payable directly to the prevailing party, not his attorney.[37] This Court therefore finds that Ms. Patin should be paid attorneys' fees calculated on the basis of 24.25 hours at $175.00 per hour or a total of $4,243.75, plus costs in

---

performed by an attorney); *Parrish v. Colvin*, No. 15-0581, 2016 WL 6581357, at *1 (W.D. La. Aug. 25, 2016) (same).

[33]    Rec. Doc. 1.

[34]    28 U.S.C. § 2412(a).

[35]    *Jean v. Nelson*, 863 F.2d 759, 778 (11th Cir. 1988).

[36]    28 U.S.C. § 1920(a)(1).

[37]    *Astrue v. Ratliff*, 560 U.S. 586, 593 (2010); *Jackson v. Astrue*, 705 F.3d 527, 531 n.11 (5th Cir. 2013).

the amount of $400, for a total award of $4,643.75, and that the award should be made payable to Ms. Patin but sent in care of her attorney.

### Conclusion

This Court finds that Ms. Patin is entitled to an award of attorneys' fees pursuant to the EAJA because she is the prevailing party, her net worth is less than $2 million, the Commissioner's denial of benefits was not substantially justified, her motion was timely, and there are no special circumstances that would make an award unjust.  This Court further finds that 24.25 hours of work by Ms. Patin's attorney were reasonable and necessary, and that the prevailing market rate for attorneys representing clients seeking Social Security awards in this district is $175 per hour, justifying an attorneys' fee award of $4,243.75.  This Court further finds that Ms. Patin is entitled to recover costs in the amount of $400.  Thus, Ms. Patin is entitled to an award in the total amount of $4,643.75.  Accordingly,

**IT IS ORDERED** that Ms. Patin's motion for attorneys' fees and costs is GRANTED IN PART and DENIED IN PART.  More particularly, the motion is granted with regard to the $400 in costs sought to be recovered, granted with regard to $4,243.75 in attorneys' fees sought to be recovered (based on 24.25 hours at the rate of $175 per hour) and denied in all other respects.

**IT IS FURTHER ORDERED** that the sum of $4,643.75 is awarded to Ms. Patin as an EAJA fee.  The Commissioner of the Social Security Administration

shall forward a check to Ms. Patin's counsel made payable to Sharon LeBlanc Patin in the amount of $4,643.75.

Signed at Lafayette, Louisiana, this 5th day of June 2020.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE