UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

SHARON LEBLANC PATIN                    CIVIL ACTION NO. 6:19-cv-00883

VERSUS                                  JUDGE JUNEAU

U.S. COMMISSIONER, SOCIAL               MAGISTRATE JUDGE HANNA
SECURITY ADMINISTRATION

## RULING ON MOTION

Currently pending is the motion for authorization of attorneys' fees pursuant to 42 U.S.C. § 406(b), which was filed by Paul Brian Spurlock, the attorney for Social Security disability benefits claimant Sharon LeBlanc Patin.  (Rec. Doc. 20). Andrew Saul, Commissioner of the Social Security Administration, responded to the motion.  (Rec. Doc. 22).  For the following reasons, the motion is granted.

## Background

Mr. Spurlock represented Ms. Patin in asserting a claim for Social Security disability benefits.  Unsuccessful administrative proceedings resulted in an adverse ruling from the Commissioner of the Social Security Administration.  Mr. Spurlock then filed this lawsuit on behalf of Ms. Patin, seeking to have the adverse ruling reversed.  Mr. Spurlock's efforts were successful, and Ms. Patin prevailed in this action when a judgment was issued in April 2020, reversing the Commissioner's unfavorable ruling and remanding the matter to the Commissioner of Social Security for further review.  (Rec. Doc. 13).

Soon after the judgment was issued, Mr. Spurlock filed a motion for attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  (Rec. Doc. 14).  The Commissioner did not oppose the motion, and a ruling awarding attorneys' fees in the amount of $4,243.75 and costs of $400.00 for a total award of $4,643.75 was entered on June 4, 2020.  (Rec. Doc. 17).

In April 2021, the Social Security Administration notified Ms. Patin that she was entitled to monthly disability benefits dating back to November 2016 and totaling $67,529.00.  (Rec. Doc. 20-1 at 1).  She was to receive a lump sum payment of $50,646.75 for past-due disability benefits, she was to receive monthly benefits going forward, and she was to receive Medicare hospital insurance.  (Rec. Doc. 20-1 at 2).  She was also notified that twenty-five percent of her past-due benefits – a sum of $16,882.25 – was withheld for attorneys' fees with $6,000 of that amount being paid directly to her attorney.  (Rec. Doc. 20-1 at 2).

Mr. Spurlock claims that he was awarded a fee of $6,000.00 pursuant to 42 U.S.C. § 406(a), in connection with the services he provided in representing Ms. Patin before the Social Security Administration although that amount had not yet been paid when his motion was filed.  (Rec. Doc. 20 at 1).  This Court presumes that the Section 406(a) is the $6,000 referred to in the notice letter.

Mr. Spurlock now seeks an award of $10,882.25 in attorneys' fees for his efforts before the court, calculated on the basis of $16,882.25 withheld from the claimant's past due benefits minus the Section 406(a) fee of $6,000.00.

## Law and Analysis

A successful attorney in a Social Security disability case may be awarded fees under two distinct statutes, the Equal Access to Justice Act and the Social Security Act. However, the attorney must refund the lesser fee to the claimant.[1]

Under the EAJA, "a court may award reasonable fees and expenses of attorneys, in addition to the costs which may be awarded. . . to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States. . . ."[2]  To recover EAJA fees, the claimant must be a prevailing party, the claimant must incur attorneys' fees, the government's position must not have been substantially justified, and special circumstances cannot render an award unjust.[3]  In this case, Mr. Spurlock previously applied for an award of EAJA fees, and he was awarded $4,243.75 in attorneys' fees.

---

[1]    *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002).

[2]    28 U.S.C. § 2412(b).

[3]    *Murkeldove v. Astrue*, 635 F.3d 784, 790 (5th Cir. 2011) (citing 28 U.S.C. § 2412(d)(1)(A)).

Mr. Spurlock now seeks to recover under the Social Security Act.  "Sections 406(a) and 406(b) of the Social Security Act provide for the discretionary award of attorney's fees out of the past-due benefits recovered by a successful claimant in a Social Security action."[4]  Section 406(a) governs the award of attorneys' fees for representing a claimant in administrative proceedings, while Section 406(b) governs the award of attorneys' fees for representing a claimant in court.[5]  Under Section 406(a), a maximum of $6,000 may be awarded as attorneys' fees.  Such fees are determined by the Commissioner of the Social Security Administration.[6]  The notice letter submitted by Mr. Spurlock indicates that he will be paid $6,000, presumably as Section 406(a) fees.

Under Section 406(b), when a court "renders a judgment favorable to a claimant. . . who was represented before the court by an attorney," the court may award "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment."[7]  "[T]he 25% cap applies only to fees for representation before the court,

---

[4]     *Murkeldove v. Astrue*, 635 F.3d at 787.

[5]     42 U.S.C. § 406.  See, also, *Gisbrecht v. Barnhart*, 535 U.S. at 794.

[6]     See, e.g., *Pettit v. Berryhill*, No. 3:19CV202-JMV, 2021 WL 535371, at *2 (N.D. Miss. Feb. 12, 2021).

[7]     42 U.S.C. § 406(b)(1)(A).

not the agency."[8]  Fees awarded under Section 406(b) satisfy a client's obligation to his counsel and, for that reason, are paid out of the plaintiff's Social Security benefits.

In the instant motion, Mr. Spurlock applied for Section 406(b) fees.  He requested an award of $10,882.25, an amount that represents 25% of the total past-due benefits that were awarded to Ms. Patin ($67,529 x .25 =$16,882.25) less the $6,000.00 in Section 406(a) fees that were awarded previously.[9]  Thus, the requested fee comports with the controlling law.  The Commissioner agreed that Mr. Spurlock is entitled to a reasonable fee for his court-related representation of Ms. Patin but deferred to the court's determination of the reasonableness of the amount requested by Mr. Spurlock.  (Rec. Doc. 22).  Mr. Spurlock argued that the contingency fee agreement complies with the provisions of Section 406(b) and is reasonable in light of the results achieved and the relevant factors.  This Court agrees.

Mr. Spurlock and the Commissioner agree that Section 406(b) governs Mr. Spurlock's attorneys' fee application.  This Court concurs.  Section 406(b) governs the award and collection of fees by attorneys for the representation of claimants in court.[10]  The statute does not displace contingent-fee agreements within the statutory

---

[8]    *Culbertson v. Berryhill*, 139 S. Ct. 517, 522 (2019).

[9]    Mr. Spurlock submitted no evidence documenting his claim that he applied for and was awarded fees under Section 406(a).

[10]    *Murkeldove v. Astrue*, 635 F.3d at 788.

ceiling; instead, it instructs courts to review for reasonableness the fees calculated based on such agreements.[11]  Although the application of the lodestar method (hours reasonably spent on the case times reasonable hourly rate) to calculate fees under Section 406(b) was expressly rejected, a claimant's attorney may be required to submit a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for non-contingent-fee cases as aids to the court's evaluation of the reasonableness of the fee yielded by the fee agreement.[12] Additionally, a downward adjustment is permitted in order to prevent a "windfall" for the lawyer if the benefits resulting from the contingency fee are large in comparison to the amount of time the lawyer actually spent on the case.[13]  The Fifth Circuit has not provided an exhaustive list of factors to be considered in awarding attorneys' fees under Section 406(b), but has noted that some factors include "risk of loss in the representation, experience of the attorney, percentage of the past-due benefits the fee constitutes, value of the case to a claimant, degree of difficulty, and whether the client consents to the requested fee."[14]

---

[11]     *Gisbrecht v. Barnhart*, 535 U.S. at 897; *Jeter v. Astrue*, 622 F.3d 371 (5th Cir. 2010).

[12]     *Gisbrecht v. Barnhart*, 535 U.S. at 808.

[13]     *Gisbrecht v. Barnhart*, 535 U.S. at 808.

[14]     *Jeter v. Astrue*, 622 F.3d at 381-82.

In support of his motion, Mr. Spurlock submitted a declaration (Rec. Doc. 20-2) derived from his contemporaneous time records, detailing the 24.25 hours that he spent providing professional services to Ms. Patin regarding her judicial appeal of the Commissioner's adverse ruling.

In support of his motion, Mr. Spurlock also referred to "the contingent fee" (Rec. Doc. 20 at 3) and mentioned "agreeing to represent this claimant on a contingency in federal court" (Rec. Doc. 20 at 4).  But Mr. Spurlock did not submit a copy of a contingency fee agreement between he and Ms. Patin.  This Court located a "Social Security Fee Agreement" between Ms. Patin and Mr. Spurlock's law firm in the record of the underlying administrative proceeding.  (Rec. Doc. 7-1 at 130).  That agreement addresses the attorneys' fees to be paid to Mr. Spurlock's law firm if a favorable decision is rendered at the administrative level and it contains a provision addressing EAJA fees, but it does not appear to address the amount of attorneys' fees to be paid from the claimant's award to Mr. Spurlock in the event that benefits are awarded following a judicial appeal of an adverse administrative ruling.  Therefore, this Court cannot conclude that Ms. Patin consented to a twenty-five percent contingency fee.  However, Section 406(b) fees may be awarded in the absence of such an agreement.[15]

---

[15]    Under the Social Security Act, "[w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess

The amount requested, in combination with the $6,000 that Mr. Spurlock claims has been awarded for his work on Ms. Patin's administrative proceeding, equals exactly twenty-five percent of his client's past-due benefits.  Thus, while not determinative of reasonableness, the fee request does not exceed the maximum allowable under Section 406(b).

Dividing the requested sum of $10,882.25 by the 24.25 hours expended by Mr. Spurlock yields a high effective hourly rate of $448.75 per hour.  However, the other factors considered by this Court outweigh any windfall that might be perceived as resulting from this higher-than-usual effective hourly rate.  Although successful appeals of adverse rulings are rare in Social Security disability cases, Mr. Spurlock's efforts in this case resulted in the reversal of an adverse ruling and the award of a significant amount of past-due benefits as well as ongoing monthly disability benefits and Medicare coverage.  This success must be balanced against the many unsuccessful cases that result in no compensation for a claimant's attorney.  The representation provided in this case was professional and competent.  The fact that the claimant was not successful at the administrative level evidences the difficulty of the issues that Mr. Spurlock confronted in pursuing the case in court.  Mr.

---

of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]"  42 U.S.C. § 406(b)(1)(A).  See also *Jackson v. Astrue*, 705 F.3d 527, 531 (5th Cir. 2013) ("§ 406(b) fees are authorized in cases where an attorney obtains a favorable decision on remand").

Spurlock's declaration established that he has many years of experience in representing claimants in Social Security disability cases, and he is one of only a few attorneys in the area who represent Social Security claimants in federal court. Therefore, although Mr. Spurlock's effective hourly rate for the work performed in this case is high, this Court finds that the requested fee is reasonable and not attributable to anything other than the attorney's own work. Ms. Patin likely would have received no benefits had Mr. Spurlock not presented successful arguments on appeal. His arguments led to Ms. Patin receiving a significant amount of past-due benefits plus continuing monthly payments and health insurance coverage. This meaningful package of benefits merits fair and adequate compensation for the attorney. This Court has reviewed the fee application and finds that the requested fee award of $10,882.25 is reasonable under the circumstances and should be approved.

Mr. Spurlock represented that the previously-ordered EAJA award of $4,243.75 will, upon receipt of the Section 406(a) and Section 406(b) fee awards, be refunded to Ms. Patin as required by the statute under these circumstances. (Rec. Doc. 20 at 2).

Accordingly,

IT IS ORDERED that the motion (Rec. Doc. 19) is GRANTED, and the Court awards attorneys' fees in the amount of $10,882.25, to be paid from the past-due benefits held by the Commissioner for such purposes.

IT IS FURTHER ORDERED that, upon receipt of the Section 406(a) and Section 406(b) fees, Mr. Spurlock shall return to Ms. Patin the $4,243.75 in EAJA fees that were awarded earlier in this case.

Signed at Lafayette, Louisiana on May 13, 2021.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE